# WASHINGTON COUNTY.

### MERCY C. MUMFORD *vs.* URIAH S. MUMFORD.

In Rhode Island it is sufficient in a petition for divorce to charge the respondent's fault in the language of the statute. If greater particularity is needed for the defence the respondent may apply to the court for a special order requiring it. Such an order may issue at the discretion of the court.

In case of unexpected evidence justice can usually be secured by a continuance of the petition.

*Brown v. Brown,* 2 R. I. 381, affirmed.

Depositions, though formally defective, may be opened by order of the court on the application of one party to a suit without the consent of the other, and without affecting the right of either party to object to them.

A decree of divorce is subject to the order of the court during the term at which it is entered, and may on proper application and for good reasons be reopened and reheard during such term.

Such a decree will not be reopened at the request of a respondent whose conduct during the proceedings has shown a wish to cause delay, and who has been guilty of false pleading.

GEN. STAT. R. I. cap. 153, § 2, provides: "Divorces shall be decreed for impotency, adultery, extreme cruelty, wilful desertion for five years of either of the parties, or for such desertion for a shorter period of time in the discretion of the court, for continued drunkenness, for neglect or refusal on the part of the husband, being of sufficient ability, to provide necessaries for the subsistence of his wife; and for any other gross misbehavior and wickedness in either of the parties, repugnant to, and in violation of, the marriage covenant."

At the August Term, A. D. 1879, of the Supreme Court for Washington County, a petition for divorce was filed, as follows:

"WASHINGTON, SC.                SUPREME COURT,
                                  *August Term*, A. D. 1879.

"Mercy C. Mumford, of Westerly, county of Washington, humbly petitioning respectfully represents, that she is a domiciled inhabitant of this State she having resided therein for the twenty-five years last past; that on the 11th day of January, A. D. 1857, she was married to her present husband, Uriah S. Mumford, formerly of said Westerly, but now residing at Mystic, in the State of Connecticut, less than one hundred miles from the place of trial of this petition; and that ever since her said marriage your petitioner has kept and performed all her marriage vows and covenants; but that the said Uriah S. Mumford, unmindful of his marriage vows and disregarding his marriage covenants, hath violated the same in this: that he has wilfully deserted your petitioner, and neglected and refused, being of sufficient ability, to provide necessaries for the subsistence of your petitioner; and that he has committed the crime of adultery, and been guilty of other gross misbehavior and wickedness repugnant to, and in violation of, the marriage covenant. Wherefore she prays your Honors to pass a decree dissolving the bond of matrimony subsisting between your petitioner and the said Uriah S. Mumford, and for such other and further relief as to your Honors shall seem meet. And she, as in duty bound, will ever pray.

"(Signed) MERCY C. MUMFORD."

Whereupon the respondent filed a motion, "that the said petition be quashed and dismissed out of this court for uncertainty;

or else, that the petitioner be required to file a bill of particulars at a reasonable time before the trial of said petition, and that she be confined on the hearing to the allegations and charges particularly mentioned and described in and by said bill of particulars."

*Providence, April* 3, 1880.   PER CURIAM.   This is a petition for divorce pending in Washington County, and heard by consent in Providence.   The justice who heard the petition denied the respondent's motion for a bill of particulars, and subsequently, at the request of the respondent, submitted to the full court the question whether or not the motion was properly denied.   The court holds, affirming the decision in *Brown* v. *Brown,* 2 R. I. 381, that in a petition for divorce it is in general sufficient to charge the offence in the language of the statute.   If greater particularity becomes necessary for the respondent's defence, the court can, by special order, provide for such particularity or specifications as to time and place as the case requires, but this is a matter resting in the discretion of the judge.   Ordinarily, if either party is surprised by unexpected evidence, justice can be done by giving time or by a continuance.

The practice of the court in Rhode Island has always been in conformity with what is now stated.   Precedents from other States are therefore of little value.          *Motion dismissed.*

The petition for divorce was subsequently heard and granted September 3, 1880.   The respondent then filed a motion for a rehearing of the petition and in support of the motion filed his affidavit alleging condonation.

*South Kingstown, January* 1, 1881.   POTTER, J.   The respondent has moved for a rehearing of this petition on the ground that by accident and mistake he has been deprived of the opportunity of putting in the evidence he relied on against the petition.

The hearing of this case has already occupied an undue portion of the time of the court; and it is chiefly owing to the course taken by the respondent.

He first moved for a bill of particulars on the ground that he could not know what evidence to obtain, or how to question

witnesses, without knowing the particular charges against him. He now admits that he was guilty of the principal charge, and of course must have been able so far as that was concerned to anticipate the evidence. This motion was overruled.

By his plea he said the charges were false and groundless. He now on oath admits that the charge of adultery was true, and says that he confessed it to his wife and was forgiven. By denying it as he did he compelled the petitioner to go to a great expense in taking depositions in one of the Western States to prove it, and when they were returned, and with the knowledge as he now admits that the charge was true, he objected to them on formal grounds and procured their rejection, thus rendering a further continuance necessary and causing further expense in retaking the depositions.

Either party could have applied for an order to open the depositions without losing his right to object to them, and the consent of the other party is not necessary to the opening, and objections to the mere form of taking constitute no good reason for not making such an order. The not applying to have them opened is at least no evidence of any anxiety to get ready for trial.

There had been several continuances of the case, and the petition for divorce was finally heard and granted September 3, 1880. The respondent now claims that he was not informed of the time through some misunderstanding between him and his attorney. It was his own fault if he did not keep his attorney advised of his address, or did not take pains to inquire as to the time.

But there is a still stronger reason for denying a rehearing. The respondent moves for a rehearing in order to make a defence, *i. e.* condonation, which in all fairness and honesty he should have made a year ago. If he pleaded, he should have pleaded the truth, even if he was not under oath. And a portion of the evidence offered, *i. e.* the sending by witness a formal letter to his wife, could, even if admitted, have little weight in any court of common sense.

As another question has been raised, we think proper to express an opinion upon it.

A decree in a divorce case, like all other judgments and decrees,

is subject to the order of the court during the term, and liable to be reopened and reheard during the term upon seasonable application and for satisfactory reasons. *Motion dismissed.*

*Elisha C. Clarke,* for petitioner.

*Peabody & Crafts,* for respondent.

. NOTE. — The above case was heard by POTTER and MATTESON, JJ.